**WAGGONER et al. v. JUSTICE.**

Court of Appeals of Kentucky.

June 12, 1951.

V. H. Redwine, Sandy Hook, Simeon S. Willis, Ashland, for appellants.

H. R. Wilhoit, Grayson, for appellee.

LATIMER, Justice.

This appeal has to do with the right of the owner of land to erect and maintain gates at the termini of a passway.

Appellants and appellee are adjoining land owners. The land of appellants fronts on the Bruin Spur Road, a public highway. Appellee's land is situated up a hollow some 3000 feet from the highway. Originally all the land owned by both parties belonged to James Evans who sold to W. J. Oney, predecessor in title, the tract of land now owned by appellee, and who at the same time granted a private passway, a wagon road from the Bruin Spur Road to the property.

It appears from the record that there was no fence along the line of appellants adjoining the highway and that passage could be made from the road onto the land of appellants without hinderance, but that a gate was maintained at the entrance to this deeded passway. This gate was five feet in height and about twelve feet in length, was heavy, having been constructed of oak lumber, and opened across the Bruin Spur Road. It was difficult to open and was so close to the highway, it was obligatory that a team or automobile be left out in the road while being opened, thereby creating a traffic hazard.

In order to remedy this situation appellee brought this action to enjoin appellants from interfering with his road and to remove the entrance gate to the passway. It was around the erection of this gate that the suit and controversy was centered.

Upon hearing the cause, the court found that appellants were entitled to a gate at the entrance from the public highway, but adjudged that the gate as constructed was so heavy and cumbersome, as to cause undue inconvenience and hardship to appellee and directed the sort of gate that should be constructed and that same open inward instead of outward on the highway.

Apparently appellants in substance complied with the directions of the court. However, some time later appellants undertook to erect another gate, which was not in existence at the time of the original action, at the point where the highway entered the land of appellee. There was no division line fence between the properties of appellants and appellee and stock might freely pass from the lands of one to the other.

Believing the erection of this latter gate to be a violation of the injunction, motion for rule against appellants was made which resulted in an order directing appellants to remove the gate at the boundary line of appellee's farm. The proof on this matter was heard orally before the court. Appellants were given time to file a bill of exceptions but this was never done.

Appellants prosecute this appeal, insisting that the court erred in its original judgment in not adjudging appellants entitled to gates at the termini in the roadway, and further in adjudging that appellants should construct a particular type of gate opening inwardly at the Bruin Spur Road.

Appellee cross-appeals insisting that the court improperly adjudged that appellants were entitled to the gate at the entrance of the Bruin Spur Road.

We will consider first the matter of the cross-appeal. It is maintained by appellee that the court erred in adjudging appellants entitled to any gate at all at the Bruin Spur Road. We can not agree with appellee in this respect in the face of this record. While there was some conflict with respect thereto, a long line of witnesses testified to the presence and maintenance of gates through the years far in excess of the prescriptive period.

Appellants happily agree with the court's finding that they were entitled to a gate at the entrance from the highway but appear unhappy in that the court directed the particular kind of gate to be constructed.

It is readily observable that a gate could be constructed of such material and in such manner and so heavy as to require a hoisting machine and a caterpillar tractor to open it. Such certainly would be an interference with the rights of appellee and would work undue inconvenience and hardship. In preventing interference or obstruction of the passway, if gates are allowed, it would certainly not be overreaching to require that an openable and serviceable

gate be maintained. See Gossett v. Chandler, 204 Ky. 402, 264 S.W. 853.

 The complaint addressed to the order of the court directing the removal of the second gate, that is the gate at the entrance to the property of appellee, presents a different problem. No such gate was in existence at the original trial of the matter. It was later erected. The matter came to the attention of the court through a motion for rule against appellants for noncompliance with the injunction. As stated above, the matter was heard orally before the court. No bill of exceptions relative to same were filed and we are unable from this record to determine whether the court held that, because of the particular type of gate erected, there was a violation of the injunction or whether it was merely an order entered purely under contempt proceedings, wherein we are called upon to determine whether or not the court abused its discretion. In any event we are not prepared to say that the erection and maintenance of a proper gate at the entrance to appellee's land would be such an interference or obstruction as to violate the judgment.

As above stated the action centered about the erection and maintenance of the gate on the Bruin Spur Road. Nothing was brought to the attention of the court either by the pleadings or otherwise that there was any contention as to the right to have a gate at the other terminus of the road.

We call attention again to the fact that there is no boundary line fence on either side of this road and the gate at this time could serve no useful purpose. The right to this gate could obviously become necessary to the proper enjoyment by the owner of the servient estate. If and when that time should come, doubtless appellants could appropriately assert those rights and would not be foreclosed by the judgment as entered.

We think the evidence sufficient to sustain the Chancellor in his finding that appellants were entitled to a gate on the Bruin Spur Road, and acted within his right in directing the kind of gate to be erected and maintained. Consequently, the judgment is affirmed on both the appeal and the cross-appeal without prejudice to appellants under a proper procedure and proper circumstances to test the right to erect and maintain a gate at the entrance to appellee's land.